UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN J. SULLIVAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:19-CV-2044 DDN |
|  | ) |  |
| UNKNOWN AUSTIN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff John J. Sullivan (registration no. 1313206), an inmate at Farmington Correctional Center ("FCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.08. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $54.16. Accordingly, the Court will assess an initial partial filing fee of $1.08.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names as defendants in this action: Correctional Officer Austin and Warren Larkin. Plaintiff names the individual defendants in their official capacities.

Plaintiff asserts that on July 8, 2019, he reported to medical because he was not feeling well. He states that he was diagnosed with a urinary tract infection, as well as cellulitis in his leg. He was given an antibiotic shot in his leg and told to sit down in the medical office. However, he was told by the nurse that the medical beds were full. He asked the nurse if he could lay down somewhere, and she offered him a mat which he put in the hallway in the medical office while he was waiting for his next medical shot.

Correctional Officer Austin saw plaintiff laying in the medical hallway and asked plaintiff to move to a chair in the medical office, telling plaintiff that laying on the mat was a safety and security risk. Plaintiff states he doesn't believe he was a safety or security risk because there was a large fan in front of him in the hallway and he was placed up against the wall.[1]

Plaintiff states that he was awake for over 28 hours and he was sitting in a chair for over 14 hours. He claims that his back hurt and his leg was uncomfortable.[2] For relief, plaintiff seeks two million dollars in damages.

---

[1] Plaintiff has attached as supplements to his complaint a copy of his Informal Resolution Request, the Missouri Department of Corrections' Response, his Grievance, the Grievance Response, his Appeal of the Grievance and the Grievance Appeal Response. These materials are part of the complaint pursuant to Fed.R.Civ.P.10.
[2] Plaintiff admits that the nurse gave him several blankets to attempt to make himself more comfortable.

## Discussion

Plaintiff brings suit against defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.[3]

Even if plaintiff had brought this action against defendant Austin in his individual capacity, his claim against him would be subject to dismissal. To the extent plaintiff is asserting a denial of medical care under the Eighth Amendment, his claim would be denied, as by the facts alleged in plaintiff's complaint, defendant Austin did not deny plaintiff medical assistance.

In order to state a claim for inadequate medical care under the Eighth or Fourteenth Amendment, a prisoner or detainee must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). A claim of deliberate indifference involves both an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). The plaintiff must demonstrate (1) that he suffered an objectively serious medical need, and (2) the defendant actually knew of but deliberately disregarded that need. *Id.* A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity

---

[3]Plaintiff has not made any allegations against defendant Larkin in his complaint. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendant Larkin.

for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

Clearly, plaintiff was not being denied health treatment. He admits that he was watched over by the medical department at Farmington for over 14 hours, and he was given antibiotics and other shots for his UTI infection and cellulitis. Rather, his issue with defendant Austin was that Austin made plaintiff sit in a chair while receiving that treatment because all of the medical beds were full during the time he needed treatment.

Plaintiff admits that he was told by defendant Austin that he could not lie down on the mat in the hallway of the medical unit for over 14 hours due to safety and security reasons. However, he disagrees with defendant Austin's implementation of the prison safety regulations.

Prison regulations which impinge upon an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989). There are four factors in determining reasonableness of a prison regulation: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there exist alternatives to accommodate the prisoner with a *de minimis* cost. *Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015) (quoting *Turner v. Safley*, 482, U.S. 78, 89 (1987)).

The safety and security of the guards and other inmates, as well as the medical staff justifies requiring plaintiff to sit in a chair rather than lay on a floor unattended in the medical hallway. Although plaintiff points out that he had to sit in a chair for 14 hours, he does not state why he was not allowed to leave medical and return to his cell for the shots and medicine he

required at separate intervals so that he could be more comfortable. This would have allowed for the safety and security risk to be minimal, while still allowing plaintiff to be accommodated.

Additionally, although plaintiff states that defendant Austin threatened that if plaintiff failed to get up from his mat on the floor he would be taken to Five House, he does not indicate why such an alleged punishment would be "atypical or significant."

For the Due Process Clause under the 14th Amendment to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered, or was threatened with, the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). As such, plaintiff has not alleged a violation of his due process rights.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of February, 2020.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE